Cairns *v.* Murray, 148 N. Y. 171; People ex rel. Clausen *v.* Murray, 5 App. Div. 441.

It follows that the defendant is not entitled to hold the certificate issued to him and that the same should be revoked and canceled, with costs to the petitioner, to be taxed in such sums as may properly be allowed under section 3240 of the Code of Civil Procedure.

Ordered accordingly.

Second Appellate Department, December, 1896. Reported. 11 App. Div. 74.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN ANDERSON, Appellant, *v.* JOHN HOAG, Treasurer of the County of Westchester, Respondent.

**Liquor Tax Law—Determination as to dwelling within 200 feet—A saloon.**

Under the Liquor Tax Law (Chap. 112 of the Laws of 1896) it is for the county treasurer to determine from the application, or otherwise, the number of buildings occupied exclusively as dwellings, whose nearest entrance is within 200 feet of the nearest entrance·to premises in which it is proposed to carry on the traffic in liquor.

The return to a writ of certiorari issued to review the determination of a county treasurer, refusing to issue a liquor tax certificate, stated that the applicant had not procured the consent of two-thirds of the owners of such buildings.

*Held,* that the return was conclusive upon the question, and that the county treasurer's determination should be affirmed.

APPEAL by the relator, Martin Anderson, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 30th day of September, 1896, affirming the decision of the county treasurer denying the application of the relator for a liquor tax certificate, and quashing a writ of certiorari issued in the proceeding.

Frederick W. Sherman, for the appellant.

Wilson Brown, Jr., for the respondent.

BROWN, P. J. The application of the relator for a liquor tax certificate having been refused by the county treasurer, he applied

to a justice of the Supreme Court for a writ of certiorari to review the action of such officer. The writ was granted, and the county treasurer having made his return thereto, upon the hearing had the relator's application for such certificate was denied and the writ quashed, and from the order entered upon such hearing the relator has appealed to this court.

From the return of the county treasurer it appears that written application for the certificate was made by the relator upon a blank furnished to him by the county treasurer. Upon such blank there were printed questions, numbered respectively from 1 to 11, the answers to which were written by the applicant, and this statement was subscribed by the applicant and sworn to on the 10th day of September, 1896. It contained all the information which section 17 of the Liquor Tax Law (Laws of 1896, chap. 112) requires that applicants for such certificates shall furnish. Among other matters, it stated that there were three buildings occupied exclusively for dwellings within 200 feet of the nearest entrance to the building where the liquor traffic was to be carried on, each building having a separate owner. There was also filed with the application a consent by Patrick T. Mongan, the owner of the building, to the carrying on of the traffic in liquors therein, and also a consent in writing signed by Mrs. M. Provoost and Joseph S. Provoost, owners of buildings occupied exclusively as dwellings and situated within 200 feet of the nearest entrance to the premises described in the statement, consenting that the traffic in liquors should be carried on in such premises.

The said county treasurer further returned that before such application had been received by him the said Joseph S. Provoost had filed with him a paper withdrawing his consent, and further, that upon investigation he ascertained that there were five buildings used exclusively as dwellings within the prohibited distance of the building where said traffic was to be carried on, and that the relator was left without the consent of two-thirds of the owners of houses used exclusively as dwellings within 200 feet of said property, and that for such reasons he denied said application and refused to issue the certificate.

We are of the opinion that the order appealed from must be affirmed. Section 19 of the Liquor Tax Law provides that "When the provisions of sections seventeen and eighteen of this act have been complied with and the application provided for in section seventeen is found to be correct in form and the bond required by

section eighteen is found to be correct as to its form and the sureties thereon are approved as sufficient by the county treasurer," then upon the payment of the taxes levied, etc., "the county treasurer of the county * * * shall at once prepare and issue to the * * * person making such application * * * a liquor tax certificate in the form provided for in this act."

Section 17 provides that every person applying for a certificate shall make upon a blank, to be furnished by the county treasurer, a statement setting forth: *First,* the name of the applicant; *second,* the name of every person interested or to become interested in the traffic in liquors; *third,* the premises where such business is to be carried on; *fourth,* under which of the first three subdivisions of section 11 of the act the traffic is to be carried on; and, *fifth,* a statement that the applicant may lawfully carry on such traffic. It further provides, in subdivision 8, that "when the nearest entrance to the premises described in said statement as those in which traffic in liquor is to be carried on is within two hundred feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be so filed simultaneously with said statement a consent in writing." executed at least by two-thirds of the owners of the buildings, that such traffic in liquors may be carried on in the premises described in the statement.

It is the contention of the appellant that the county treasurer is bound by the statements in reference to the aforesaid facts made by the applicant, and that if such statement is correct in form, the county treasurer has no discretion except to issue the certificate. It will be observed, however, that section 17 does not require that any information in reference to the contiguity of dwellings to the place where the traffic is to be carried on shall be furnished by the applicant. All that that section provides is that the consent of two-thirds of the owners of dwellings within the prohibited distance shall be filed simultaneously with the statement.

So far as it is to be gathered from the statute the facts in reference to the contiguity of such dwellings is to be ascertained and determined by the county treasurer. He may obtain or require information on this subject from the applicant and may rely thereon, but he is not necessarily concluded thereby. In respect to such matters his determination is judicial. He must

ascertain and determine the number of dwellings within the prohibited distance, and there must be filed with him the consent of the necessary two-thirds of the owners of such buildings. His determination in that respect is subject to review by a judge of the Supreme Court upon a writ of certiorari, and is to be affirmed in case the reasons assigned for refusing to grant the certificate are good and valid. It appears in the case before us that the county treasurer refused to grant the certificate to the relator upon the ground that there were five buildings used exclusively as dwellings within 200 feet of the nearest entrance to the place where the relator proposed to carry on the traffic in liquors, and that two-thirds of the owners of such buildings had not given their consent to such traffic. Upon this question his return is conclusive.

Upon the facts stated the application was properly denied by the county treasurer, and the order appealed from must be affirmed, with ten dollars costs and disbursements.

All concurred, except, CULLEN, J., who concurred in the result.

Order affirmed, with ten dollars costs and disbursements.