### PEOPLE ex rel. BELDEN CLUB v. HILLIARD.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

LIQUOR TAX CERTIFICATE—REFUSAL—POWER OF COMMISSIONERS.

A club organized in 1886, under Laws 1875, c. 267, applied to the special deputy commissioner for a liquor tax certificate, under Laws 1896, c. 112, as amended Laws 1897, c. 312. The certificate was refused, on the ground that the club charter was being used as a cloak by a person who maintained a disorderly resort, under section 23, subd. 9 (formerly subdivision 8). *Held*, in mandamus proceedings, that section 19, as amended in 1897, deprived the officers empowered to issue certificates of any discretion where the application is correct in form, and does not show on its face that the applicant is prohibited from trafficking in liquor, and that the remedy, where the design of the applicant is to carry on a prohibited business, lies in invoking the power of the court to cancel the certificate after it is issued, and to punish the offender.

Appeal from special term.

Application by the people, on the relation of Belden Club, against George Hilliard, as special deputy commissioner. From an order granting writ of mandamus, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

A. R. Page, for appellant.

P. H. Loftus, for respondent.

PATTERSON, J. The relator (respondent) is a club duly organized under the act of 1875, whose certificate of incorporation was approved by a justice of the supreme court in the year 1886. By its president, acting, as stated, under a resolution of the club, it applied to the special deputy commissioner of excise of the county

of New York to obtain a liquor tax certificate, under the provisions of chapter 112 of the Laws of 1896, as amended by chapter 312 of the Laws of 1897. The statement upon which the application was based was sufficient in form and also in substance to entitle it prima facie to the certificate asked for. The special deputy commissioner of excise rejected the application, and refused to issue a certificate, whereupon the relator applied to the supreme court for a mandamus. In answer to that application, the special deputy commissioner of excise set up, by affidavit, in substance, that the premises mentioned in the relator's statement and application for a certificate were, and for some time had been, kept by another organization, called the "Gramercy Club"; that they were in the sole management and charge of one Corey, who, under the cloak and cover of a club or organization, used said premises as a resort for lewd persons and disorderly characters; that a liquor tax certificate issued to the Gramercy Club was revoked by the supreme court; that said Corey is still in charge of the same premises; that he is using the charter of the Belden Club, this relator, for the same purpose for which he used the Gramercy Club charter; that the chief of police has protested against the granting of a liquor certificate to this relator; and that he verily believed that it is the intention to carry on the same unlawful and disreputable business under a license to be procured by the Belden Club in substitution for the revoked license of the Gramercy Club. The justice at special term granted a peremptory mandamus to the relator, and from the order entered thereon this appeal is taken.

It is claimed by the appellant that, under subdivision 9 of section 23 of the liquor tax law, he had the power and discretion to refuse the relator's application for a certificate. If the terms of the act as it was originally passed, in 1896, had not been changed prior to the time of the relator's application for a liquor certificate, there would have been no difficulty in sustaining the contention of the appellant. People v. Hoag, 11 App. Div. 74, 42 N. Y. Supp. 886. Section 23 of the statute referred to relates to persons who shall not traffic in liquors, and to whom liquor certificates shall not be granted. Subdivision 8 of section 23 of the original act, now subdivision 9 of the amended act, provides as follows:

"No corporation, association, copartnership or person who as owner or agent carries on or permits to be carried on or is interested in any traffic, business or occupation, the carrying on of which is a violation of law, shall traffic in liquors or be granted a liquor tax certificate or be interested therein."

That provision, standing alone, would confer upon the special deputy commissioner a clear right to determine, in the first instance, whether an applicant for a liquor tax certificate came within the prohibition of the law, and the facts set forth in the affidavit above referred to would have justified a refusal of the certificate; but section 19 of the liquor tax law, which must also be given effect to, in terms deprives the special deputy commissioner or any other person having the authority to issue such certificate of any right of judgment or discretion in the matter. As section 19 originally read (the act of 1896), it was enacted that:

"When the provisions of sections 17 and 18 (relating to statements to be made upon an application for liquor tax certificates and bonds to be given by applicants) have been complied with, and the application provided for in section 17 is found to be correct in form, and the bond required by section 18 is found to be correct as to its form, and the sureties thereon are approved as sufficient by the county treasurer, or, if in a county containing a city of the first class, by the special deputy commissioner of such county, then, upon the payment of the tax levied under section 11 of this act, the county treasurer of the county, and, in a county containing a city of the first class, the special deputy commissioner for such county, * * * shall at once prepare and issue to the corporation, association, co-partnership, or person making such application, and filing a bond and paying such tax, a liquor tax certificate, in the form provided for in this act."

By the amendment of 1897, section 19 is made to read:

"When the provisions of sections 17 and 18 of this act have been complied with, and the application provided for in section 17 is found to be correct in form and does not show on the face thereof that the applicant is prohibited from trafficking in liquor," etc.

Thus, by the express terms of the act, the right of the applicant to the liquor tax certificate is made to depend altogether upon the statement contained in the application, thus taking away any discretion that might have resided in the officers empowered to issue the certificate. This amendment is so conspicuous and radical that it must have been inserted for some real or supposed cogent reason, and it doubtless was to prevent any other influence operating upon those authorized to grant certificates than the statements of the applicant made under the responsibilities and subject to the penalties imposed by the statute for making false representations in the statement upon which the application for a certificate was based, or for carrying on unlawful business under the cover of an issued certificate. The penalties imposed by the statute are rigorous, and may be readily enforced; and if, as the special deputy commissioner in this case seems to have reason to believe, the design of the parties applying for this certificate is still to carry on, or permit to be carried on, a prohibited business, it will be the duty of the authorities at once to invoke the power of the court to cancel the certificate and punish the offender. That course was pursued in the case of the Gramercy Club, and the action of the special term of the supreme court in revoking a liquor tax certificate of that club has been sustained by this court in a decision made at this term. Under the provisions of the liquor tax law and its express command contained in the amendment of the nineteenth section above cited, the court below was right in directing a mandamus to issue.

The order appealed from must be affirmed, with costs. All concur.