140    PEOPLE ex rel. BELDEN CLUB v. HILLIARD.

FIRST DEPARTMENT, APRIL TERM, 1898.        [Vol. 28.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BELDEN CLUB,
Respondent, v. GEORGE HILLIARD, as Special Deputy Commis-
sioner of Excise for the County of New York, Appellant.

*The issue of a liquor tax certificate depends entirely on the application — the officer
issuing it has no discretionary power.*

By section 19 of the Liquor Tax Law, as amended in 1897 (1896, chap. 112, as
amended by chap. 312 of 1897), the right of an applicant to a liquor tax cer-
tificate is made to depend altogether upon the statements contained in his appli-
cation therefor; that section leaves no discretionary power with the officer
empowered to issue the certificate.

APPEAL by the defendant, George Hilliard, as special deputy
commissioner of excise for the county of New York, from an order
of the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on
the 21st day of February, 1898, granting the relator's motion for a
peremptory writ of mandamus requiring the defendant to forthwith
approve of the bond filed by the relator with the defendant, and to
issue a liquor tax certificate to the said Belden Club, and, also, from
the writ of mandamus issued thereon.

*Alfred R. Page*, for the appellant.

*Patrick H. Loftus*, for the respondent.

PATTERSON, J. :

The relator (respondent) is a club duly organized under the act of
1875, whose certificate of incorporation was approved by a justice
of the Supreme Court in the year 1886. By its president, acting as
stated under a resolution of the club, it applied to the special deputy
commissioner of excise of the county of New York, to obtain a
liquor tax certificate under the provisions of chapter 112 of the Laws
of 1896, as amended by chapter 312 of the Laws of 1897. The
statement upon which the application was based was sufficient in
form and also in substance to entitle the applicant *prima facie* to the
certificate asked for. The special deputy commissioner of excise
rejected the application and refused to issue a certificate, whereupon
the relator applied to the Supreme Court for a mandamus. In answer

to that application, the special deputy commissioner of excise set up by affidavit, in substance, that the premises mentioned in the relator's statement and application for a certificate were, and for some time had been, kept by another organization called the Gramercy Club, that they were in the sole management and charge of one Corey, who, under the cloak and cover of a club or organization, used said premises as a resort for lewd persons and disorderly characters; that a liquor tax certificate issued to the Gramercy Club was revoked by the Supreme Court; that said Corey is still in charge of the same premises; that he is using the charter of the Belden Club, this relator, for the same purpose for which he used the Gramercy Club charter; that the chief of police has protested against the granting of a liquor certificate to this relator, and that he verily believed that it is the intention to carry on the same unlawful and disreputable business under a license to be procured by the Belden Club in substitution for the revoked license of the Gramercy Club. The justice at Special Term granted a peremptory mandamus to the relator, and from the order entered thereon this appeal is taken.

It is claimed by the appellant that, under subdivision 9 of section 23 of the Liquor Tax Law, he had the power and discretion to refuse the relator's application for a certificate. If the terms of the act as it was originally passed in 1896 had not been changed prior to the time of the relator's application for a liquor certificate, there would have been no difficulty in sustaining the contention of the appellant. (*People ex rel. Anderson* v. *Hoag*, 11 App. Div. 74.) Section 23 of the statute referred to relates to persons who shall not traffic in liquors, and to whom liquor certificates shall not be granted. Subdivision 8 of section 23 of the original act, now subdivision 9 of the amended act, provides as follows: "No corporation, association, copartnership or person, who as owner or agent carries on or permits to be carried on, or is interested in any traffic, business or occupation, the carrying on of which is a violation of law, shall traffic in liquors or be granted a liquor tax certificate or be interested therein." That provision, standing alone, would confer upon the special deputy commissioner a clear right to determine, in the first instance, whether an applicant for a liquor tax certificate came within the prohibition of the law, and the facts set forth in the affidavit above referred to would have justified a refusal of the certificate;

but section 19 of the Liquor Tax Law, which must also be given effect to, in terms deprives the special deputy commissioner, or any other person having the authority to issue such certificate, of any right of judgment or discretion in the matter.   As section 19 originally read (the act of 1896) it was enacted that "when the provisions of sections seventeen and eighteen of this act (relating to statements to be made upon an application for liquor tax certificates and bonds to be given by applicants) have been complied with, and the application provided for in section seventeen is found to be correct in form, and the bond required by section eighteen is found to be correct as to its form, and the sureties thereon are approved as sufficient by the county treasurer, or if in a county containing a city of the first class by the special deputy commissioner for such county, then, upon the payment of the taxes levied under section eleven of this act, the county treasurer of the county, and in a county contaning a city of the first class, the special deputy commissioner for such county    *    *    *    shall at once prepare and issue to the corporation, association, copartnership or person making such application and filing such bond and paying such tax, a liquor tax certificate in the form provided for in this act."   By the amendment of 1897 section 19 is made to read :  "When the provisions of sections seventeen and eighteeen of this act have been complied with, and the application provided for in section seventeen is found to be correct in form, *and does not show on the face thereof that the applicant is prohibited from trafficking in liquor,*" etc.   Thus, by the express terms of the act, the right of the applicant to the liquor tax certificate is made to depend altogether upon the statement contained in the application, thus taking away any discretion that might have resided in the officers empowered to issue the certificate.   This amendment is so conspicuous and radical that it must have been inserted for some real or supposed cogent reason, and it doubtless was to prevent any other influence operating upon those authorized to grant certificates than the statements of the applicant, made under the responsibilities and subject to the penalties imposed by the statute for making false representations in the statement upon which the application for a certificate was based, or for carrying on unlawful business under the cover of an issued certificate.   The penalties imposed by the statute are rigorous

and may be readily enforced, and if, as the special deputy commissioner in this case seems to have reason to believe, the design of the parties applying for this certificate is still to carry on, or permit to be carried on, a prohibited business, it will be the duty of the authorities at once to invoke the power of the court to cancel the certificate and punish the offender. That course was pursued in the case of *The Gramercy Club,* and the action of the Special Term of the Supreme Court in revoking a liquor tax certificate of that club has been sustained by this court in a decision made at this term. (See *post,* p. 209.) Under the provisions of the Liquor Tax Law and its express command contained in the amendment of the 19th section above cited, the court below was right in directing a mandamus to issue.

The order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.