JACOB BORN, Plaintiff, *v.* ISAAC A. HOPPER, as Superintendent of Buildings, Borough of Manhattan, et al., Defendants.

(Supreme Court, New York Special Term, August, 1905.)

Equity — One seeking relief must come with clean hands — Liquor Tax Law L. 1896, ch. 112, as amd. by L. 1905, ch. 697 — Premises occupied as hotel for five years prior to 1896 excepted from statute.

Where plaintiff who, for seventeen years prior to May 1, 1905, had conducted the business of a hotel-keeper at certain premises in the city of New York and continuously occupied them as a hotel for more than five years prior to 1896, without alterations or repairs, obtained a certificate authorizing him to traffic in liquor for one year from May 1, 1905, by wrongfully representing in his application therefor that the ten bed-rooms in his building were separated from one another by " partitions at least three inches thick ", the fact being that four of the partitions were only seven-eighths of an inch in thickness; and for failure to comply with the provisions of the Liquor Tax Law, as to hotels, his certificate is revoked under the provisions of the statute (L. 1905, ch. 697), relating to the inspection of hotels and the revocation of liquor tax certificates and exclusively intended to apply to certificates issued in May, 1905; plaintiff is not in a position to invoke the aid of a court of

12

equity to enjoin the special deputy commissioner of excise, however wrongful or illegal the latter's acts may have been in depriving him of his alleged rights; and whether the statute (L. 1905, ch. 697) deprived plaintiff of his constitutional right to have the question of the revocation of his liquor tax certificate determined only by due process of law, need not be considered.

As said chapter 697 expressly exempts buildings which have been "continuously occupied as hotels for a period of five years prior to 1896" from the consequences that flow from failure to comply with the laws, ordinances, rules and regulations of the State and locality as to fireproof construction of hotels, its constitutionality need not be considered, as its provisions are not applicable to the plaintiff; and any interference with his property by the superintendent of buildings is unwarranted and unlawful and the threatened removal of the partitions separating the bed-rooms should be enjoined.

MOTION for an injunction. The opinion states the case.

Fitch, Mott & Grant (D. Cady Herrick, of counsel), for plaintiff.

John J. Delany, Corporation Counsel (John T. O'Brien and Henry S. Johnston, with him on brief), for defendant Hopper.

Julius M. Mayer, Attorney-General (William E. Schenck, H. H. Kellogg and S. B. Mead, of counsel), for State Commissioner of Excise and Special Deputy.

GREENBAUM, J. The plaintiff has, for upwards of seventeen years last past, conducted the business of hotel-keeper at No. 2362 Third Avenue, and continuously occupied said premises as a hotel for more than a period of five years prior to the year 1896, without alteration or repair thereto. On or about the 24th day of April, 1905, pursuant to the provisions of chapter 112 of the Laws of 1896 and the various acts amendatory thereof, he made application for a liquor tax certificate authorizing him to traffic in liquor in connection with the business of hotel-keeping on the premises aforesaid. The application, which was sworn to, set

forth, among other required statements, that such hotel building contained at least " ten bedrooms * * * each room properly furnished to accommodate lodgers and separated by partitions at least three inches thick extending from floor to ceiling." The plaintiff, having complied with the provisions of the Liquor Tax Law, paid the license fee of $1,200 and furnished the bond required by law, duly received a certificate authorizing him to traffic ·in liquor as aforesaid for the term of one year from ·May 1, 1905. On or about the 27th day of June, 1905, the defendant Healey, as special deputy commissioner of excise, upon the request of a taxpayer, caused an official examination of plaintiff's premises to be made by the defendant Hopper, as superintendent of the building department, in conformity with chapter 697 of the Laws of 1905, popularly known as the Ambler Act, which resulted in a report showing, among other things, that said hotel building was not fireproof and that four of the bedrooms thereof " are separated by 7/8 inch partitions." Upon the coming in of the superintendent's report the plaintiff was notified that his certificate had been revoked; that his building did " not comply with the laws, ordinances and regulations in relation to hotels;" that the use of said building as a hotel cease within ten days after such notification, and " that all partitions forming bedrooms and which were formerly used in connection with a hotel or saloon in said building be removed within thirty days." There is no denial by the plaintiff of the fact that the four bedrooms in question are not separated " by partitions at least three inches thick," and that they are in reality separated by partitions only seven-eighths inch thick, and, indeed, the complaint and moving affidavits studiously avoid any allegation or statement that as matter of fact the building No. 2362 Third avenue did comply with the provisions of the Liquor Tax Law requiring the bedrooms to be separated from one another· by partitions " at least three inches thick," or that the statements embodied in the application for a liquor trafficking certificate were true. The plain reading of the Liquor Tax Law in force in May, 1905, and the authorities which have construed its meaning in

that regard make it entirely clear that the functions of the
special deputy commissioner of excise with respect to the
issuance of certificates were purely ministerial, and that he
was invested with no discretion in that regard. Liquor Tax
Law, § 19; People ex rel. Belden Club v. Hilliard, 28 App.
Div. 140; People ex rel. Stevenson Co. v. Lyman, 67 id. 446.
The commissioner was bound, upon the presentation to him
of an application which contained the requisite statements,
to assume their truthfulness, and his refusal to issue a cer-
tificate under such circumstances would entitle the appli-
cant to a writ of certiorari to review the commissioner's
action. Liquor Tax Law, § 28, subd. 1. A consideration
of the act under which the defendant, special deputy of ex-
cise, undertook to revoke plaintiff's certificate, and the de-
fendant, the superintendent of buildings, directed the plain-
tiff to remove the partitions separating the bedrooms in
plaintiff's building will now be appropriate. The acts of
which plaintiff complains were taken under chapter 697
of the Laws of 1905. This act provides a drastic method
for revoking a certificate when it appears from the report
of the superintendent of the building department that the
alleged hotel building described in the application " does
not comply with the provisions of the Liquor Tax Law as to
hotels, and in the case of buildings not continuously occupied
as hotels for a period of five years prior to 1896, does not
comply with the provisions of the laws, ordinances, rules
and regulations of the State and locality relating to the
fireproof construction of hotels." The act also provides for
the summary discontinuance of said premises for hotel pur-
poses, and requires the superintendent of the building de-
partment to cause " all partitions forming bedrooms " in
said building to be removed within thirty days after notice
to the applicant to remove them. The opening words of the
act clearly indicate that it was designed to supplement
another act, known as chapter 698 of the Laws of 1905,
which became a law on the same day (June 3, 1905), and
that it was exclusively intended to apply to certificates which
had been issued in May, 1905, under the then existing
Liquor Tax Law. Chapter 698 aforesaid contains many

of the substantial provisions of chapter 697, excepting that
it refers to certificates to traffic in liquor to be issued after
its enactment, and it provides for an official examination
of the premises covered by the application previous to the
issuance of the certificate, for the purpose of ascertaining
" whether or not such building and premises comply with the
provisions of the laws, ordinances, rules and regulations of
the State and locality relating to fireproof construction of
hotels, however defined, in force and effect since 1892, af-
fecting hotels erected after said date." Applying the un-
disputed facts to the provisions of law described, we find
that the plaintiff obtained his certificate by misrepresent-
ing in his application that the ten bedrooms in his building
were separated from one another " by partitions at least
three inches thick," the fact being that four of the partitions
were only seven-eighths of an inch in thickness. The mis-
representation was a material one and would have subjected
the holder of the certificate to its revocation and to various
penalties. Liquor Tax Law, § 28, subd. 2. The plaintiff
comes for injunctive relief into a court of equity which
demands, as a prerequisite to its exercising jurisdiction in
his behalf, that he enter it with clean hands. It is incum-
bent upon him to show that an irreparable injury is being
done him. But he fails to allege the truth of the statements
in his application upon which he procured his certificate,
and he fails to deny the affirmative allegations of the de-
fendants that as matter of fact he was guilty of fraud in
procuring his certificate. To grant equitable relief in such
a case would mean that a court of equity is blind to the in-
iquity and admitted wrongdoing of him who seeks its inter-
vention. Under such circumstances it is wholly immaterial
how wrongful or illegal the acts of the defendant may have
been in depriving him of his alleged rights. A court of
equity will not come to his aid upon such a showing, and will
remit him to whatever legal remedies for the redress of his
alleged wrongs he may be entitled. 1 Pom. Eq. Jur. (3d
ed.) §.3977. In this aspect of the case I see no propriety
for considering whether or not chapter 697 of the Laws of
1905, deprives plaintiff of his constitutional right to have

the question of the revocation of the certificate determined only by due process of law, no matter how desirous the parties may be to reach a judicial determination upon the constitutional questions argued. Then, too, it seems to me there is nothing for the court to enjoin, so far as the defendant Healey is concerned. His act consisted in declaring the certificate revoked. The act of revocation has been performed. The certificate was either legally revoked or it is still in force. The plaintiff must, at his peril, determine how to act with reference thereto. The plaintiff asks the court to restrain him from " taking possession of and depriving " him " of the certificate." I find neither any allegation in the moving papers nor any provision in chapter 697 of the Laws of 1905, from which it may be inferred that this defendant contemplates or has the power to physically possess himself of plaintiff's certificate or to deprive him of its possession. Section 28, subdivision 2, of the Liquor Tax Law provides for the giving up or surrender of a certificate where it has been canceled by order of the court in a direct proceeding upon notice. But that provision is obviously not applicable to the case of a revocation attempted or accomplished under said chapter 697. Coming now to that part of the motion which seeks to restrain the defendant Hopper from removing the partitions separating the bedrooms, we find, as already shown, that the plaintiff has continuously for seventeen years last past used his premises for hotel purposes, without meantime making any alterations or repairs upon them. The statute under which the defendant Hopper threatens to act clearly differentiates between the case of a building failing to comply with the provisions of the Liquor Tax Law " as to hotels " and one where there is a non-compliance with the provisions of the laws, ordinances, rules and regulations of the State and locality relating to the fireproof construction of hotels. It is only in the latter case that the superintendent of the building department is called upon to act. But the act expressly exempts buildings which have been " continuously occupied as hotels for a period of five years prior to 1896 " from the consequences that flow from failure to comply with the law as to fireproof construction. It, therefore, also seems to me

needless to consider the claimed unconstitutionality of the act so far as it aims at the destruction of property without due process of law, because it clearly appears that even if full scope were given to the provisions of the act they are not applicable to plaintiff, and any interference with plaintiff's property in this respect would appear to be unwarranted and unlawful. Plaintiff's relations to the defendant Hopper stand upon an altogether different footing than to the defendant Healey. The misrepresentations made to Healey are not available to Hopper, and the court may not consider plaintiff's wrongdoing in the one case in disposing of his independent and separate claim against the other defendant. My conclusions are that the motion for injunctive relief against the defendant Healey must be denied and the motion restraining the defendant Hopper as prayed for granted.

Ordered accordingly.