(110 App. Div. 218;  48 Misc. Rep. 177)
BORN v. HOPPER, Building Supt., et al.

(Supreme Court, Appellate Division, First Department.  December 30, 1905.)

1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATES—CANCELLATION—INJUNCTION.

Where a special deputy excise commissioner had revoked complainant's liquor tax certificate in accordance with Laws 1905, p. 1862, c. 697, requiring such action on a finding that complainant's hotel did not comply with the law, and such commissioner did not threaten and was not directed to do any further act with reference either to such certificate or complainant's property, complainant was not entitled to an injunction against such commissioner restraining him from taking possession and depriving plaintiff of the liquor tax certificate, regardless of the constitutionality of such act.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 9.]

2. SAME—PLEADINGS—DESTRUCTION OF PARTITIONS.

Laws 1905, p. 1862, c. 697, provides for the examination of hotels in which a saloon is operated by the superintendent of the building department of the city and declares that, on a finding by the superintendent that the building does not comply with the law regulating hotels, the liquor tax certificate shall be canceled, and the building superintendent shall cause the use of the building as a hotel to cease within 10 days, and shall cause all partitions forming bedrooms formerly used in connection with the hotel or saloon to be removed within 30 days.  Held that, where a hotel keeper's liquor tax certificate had been canceled because his hotel did not comply with the law, such statute did not authorize the building department of the city to enter and destroy the partitions in such building without a judgment or order of a competent judicial tribunal.

Appeal from Special Term, New York County.

Action by Jacob Born against Isaac A. Hopper, as superintendent of buildings of the city of New York, Patrick W. Cullinan, as state commissioner of excise, and others.  From an order denying plaintiff's motion for an injunction as against defendant Cullinan and others, but granting the same as against defendant Isaac Hopper, both plaintiff and defendant Hopper appeal.  Affirmed.

The following is the opinion of Mr. Justice Greenbaum, referred to in the opinion:

"The plaintiff has, for upwards of 17 years last past, conducted the business of hotel keeper at No. 2362 Third avenue, and continuously occupied said premises as a hotel for more than a period of 5 years prior to the year 1896, without alteration or repair thereto.  On or about the 24th day of April, 1905,

pursuant to the provisions of chapter 112, p. 45, of the Laws of 1896, and the various acts amendatory thereof, he made application for a liquor tax certificate authorizing him to traffic in liquor in connection with the business ·of hotel keeping on the premises aforesaid. The application, which was sworn to, set forth, among other required statements, that such hotel building contained at least 'ten bedrooms, * * * each room properly furnished to accommodate lodgers and separated by partitions at least three inches thick extending from floor to ceiling.' The plaintiff, having · complied with the provisions of the liquor tax law, paid the license fee of $1,200, and furnished the bond required by law, duly received a certificate authorizing him to traffic in liquor as aforesaid for the term of 1 year from May 1, 1905. On or about the 27th day of June, 1905, the defendant Healy, as special deputy commissioner of excise, upon the request of a taxpayer, caused an official examination of plaintiff's premises to be made by the defendant Hopper, as superintendent of the building department, in conformity with chapter 697, p. 1862, of the Laws of 1905, popularly known as the 'Ambler Act,' which resulted. in a report showing, among other things, that said hotel building was not fireproof, and that four of the bedrooms thereof 'are separated by ⅞ inch partitions.' Upon the coming in of the superintendent's report the plaintiff was notified that his certificate had been revoked; that his building did 'not comply with the laws, ordinances, and regulations in relation to hotels'; that the use of said building as a hotel cease within 10 days after such notification; and 'that all partitions forming bedrooms and which were formerly used in connection with a hotel or saloon in said building be removed within thirty days.' There is no denial by the plaintiff of the fact that the four bedrooms in question are not separated 'by partitions at least three inches thick,' and that they are in reality separated by partitions only seven-eighths inch thick, and, indeed, the complaint and moving affidavits studiously avoid any allegation or statement that, as matter of fact, the building No. 2362 Third avenue did comply with the provisions of the liquor tax law requiring the bedrooms to be separated from one another by partitions 'at least three inches thick,' or that the statements embodied in the application for a liquor trafficking certificate were true.

"The plain reading of the liquor tax law in force in May, 1905, and the authorities which have construed its meaning in that regard, make it entirely clear that the functions of the special deputy commissioner of excise with respect to the issuance of certificates were purely ministerial, and that he was invested with no discretion in that regard. Liquor Tax Law, Laws 1896, p. 62, c. 112, § 19; People ex rel. Belden Club v. Hilliard, 28 App. Div. 140, 50 N. Y. Supp. 909; People ex rel. Stevenson v. Lyman, 67 App. Div. 446, 73 N. Y. Supp. 987. The commissioner was bound, upon the presentation to him of an application which contained the requisite statements, to assume their truthfulness, and his refusal to issue a certificate under such circumstances would entitle the applicant ·to a writ of certiorari to review the commissioner's action. Section 28, subd. 1, p. 69, Liquor Tax Law. A consideration of the act under which the defendant special deputy of excise undertook to revoke plaintiff's certificate, and the defendant the superintendent of buildings directed the plaintiff to remove the partitions separating the bedrooms in plaintiff's building, will now be appropriate. The acts of which plaintiff complains were taken under chapter 697, p. 1862, of the Laws of 1905. This act provides a drastic method for revoking a certificate when it appears from the report of the superintendent of the building department that the alleged hotel building described in the application 'does not comply with the provisions of the liquor · tax law as to hotels, and in the case of buildings not continuously occupied as hotels for a period of five years prior to 1896, does not comply with the provisions of the laws, ordinances, rules and regulations of the state and locality relating to the fireproof construction of hotels.' The act also provides for the summary discontinuance of said premises for hotel purₗoses, and requires the superintendent of the building department to cause 'all partitions forming bedrooms' in said building to be removed within 30 days after notice to the applicant to remove them. The opening words of the act clearly indicate that it was designed to supplement another act, known as chapter 698, p. 1865, of the Laws of 1905, which became a law on the one day (June 3, 1905), and that it was exclusively intended to apply to certificates which had been issued in May, 1905, under the then existing liquor tax law. Chapter 698 aforesaid

contains many of the substantial provisions of chapter 697, excepting that it refers to certificates to traffic in liquor to be issued after its enactment, and it provides for an official examination of the premises covered by the application previous to the issuance of the certificate, for the purpose of ascertaining 'whether or not such building and premises comply with the provisions of the laws, ordinances, rules and regulations of the state and locality relating to fireproof construction of hotels, however defined, in force and effect since 1892, affecting hotels erected after said date.'

"Applying the undisputed facts to the provisions of law described, we find that the plaintiff obtained his certificate by misrepresenting in his application that the 10 bedrooms in his building were separated from one another 'by partitions at least three inches thick,' the fact being that four of the partitions were only seven-eighths of an inch in thickness. The misrepresentation was a material one, and would have subjected the holder of the certificate to its revocation and to various penalties. Section 28, subd. 2, Liquor Tax Law, Laws 1905, p. 1737, c. 680. The plaintiff comes for injunctive relief into a court of equity which demands, as a prerequisite to its exercising jurisdiction in his behalf, that he enter it with clean hands. It is incumbent upon him to show that an irreparable injury is being done him. But he fails to allege the truth of the statements in his application upon which he procured his certificate, and he fails to deny the affirmative allegations of the defendants that as matter of fact he is guilty of fraud in procuring his certificate. To grant equitable relief in such a case would mean that a court of equity is blind to the iniquity and admitted wrongdoing of him who seeks its intervention. Under such circumstances it is wholly immaterial how wrongful or illegal the acts of the defendant may have been in depriving him of his alleged rights. A court of equity will not come to his aid upon such a showing, and will remit him to whatever legal remedies for the redress of his alleged wrongs he may be entitled. Pomeroy's Equity Jurisdiction (3d Ed.) vol. 1, § 3977. In this aspect of the case I see no propriety for considering whether or not chapter 697, p. 1862, of the Laws of 1905, deprives plaintiff of his constitutional right to have the question of the revocation of the certificate determined only by due process of law, no matter how desirous the parties may be to reach a judicial determination upon the constitutional questions argued. Then, too, it seems to me there is nothing for the court to enjoin, so far as the defendant Healy is concerned. His act consisted in declaring the certificate revoked. The act of revocation has been performed. The certificate was either legally revoked or it is still in force. The plaintiff must, at his peril, determine how to act with reference thereto. The plaintiff asks the court to restrain him from 'taking possession of and depriving' him 'of the certificate.' I find neither any allegation in the moving papers nor any provision in chapter 697, p. 1862, of the Laws of 1905, from which it may be inferred that this defendant contemplates or has the power to physically possess himself of plaintiff's certificate or to deprive him of its possession. Section 28, subd. 2, of the liquor tax law, provides for the giving up or surrender of a certificate where it has been canceled by order of the court in a direct proceeding upon notice. But that provision is obviously not applicable to the case of a revocation attempted or accomplished under said chapter 697.

"Coming now to that part of the motion which seeks to restrain the defendant Hopper from removing the partitions separating the bedrooms, we find, as already shown, that the plaintiff has continuously for 17 years last past used his premises for hotel purposes, without meantime making any alterations or repairs upon them. The statute under which the defendant Hopper threatens to act clearly differentiates between the case of a building failing to comply with the provisions of the liquor tax law 'as to hotels' and one where there is a noncompliance with the provisions of the laws, ordinances, rules, and regulations of the state and locality relating to the fireproof construction of hotels. It is only in the latter case that the superintendent of the building department is called upon to act. But the act expressly exempts buildings which have been 'continuously occupied as hotels for a period of five years prior to 1896' from the consequences that flow from failure to comply with the law as to fireproof construction. It, therefore, also seems to me

needless to consider the claimed unconstitutionality of the act so far as it aims at the destruction of property without due process of law, because it clearly appears that, even if full scope were given to the provisions of the act, they are not applicable to plaintiff, and any interference with plaintiff's property in this respect would appear to be unwarranted and unlawful. Plaintiff's relations to the defendant Hopper stand upon an altogether different footing than to the defendant Healy. The misrepresentations made to Healy are not available to Hopper, and the court may not consider plaintiff's wrongdoing in the one case in disposing of his independent and separate claim against the other defendant.

"My conclusions are that the motion for injunctive relief against the defendant Healy must be denied, and the motion restraining the defendant Hopper as prayed for granted."

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant Hopper.
D. Cady Herrick, for appellant Born.
Julius M. Mayer, Atty. Gen., for respondents.

INGRAHAM, J. This action was brought to enjoin the defendants from interfering with the use by the plaintiff of the premises described in the complaint under and pursuant to the provisions of chapter 697, p. 1862, of the Laws of 1905, and to enjoin and restrain the defendant Hopper, as superintendent of buildings, from removing or causing to be removed any partitions forming bedrooms in the hotel described. Upon the motion coming on, the court denied it so far as it enjoins the defendant Healy, special deputy commissioner of excise, from taking possession under and pursuant to chapter 697, p. 1862, of the Laws of 1905, depriving the plaintiff of the liquor tax certificate, but enjoined the defendant, as superintendent of buildings, from removing or causing to be removed the partitions forming bedrooms in the said building, No. 2362 Third avenue.

We think this order should be affirmed, as to the special deputy commissioner, on the grounds stated by the learned court at Special Term. There was nothing that the court could enjoin so far as the defendant Healy was concerned. He had, in pursuance to the command of the Legislature, revoked the license, and he did not threaten to do nor was he directed to do anything further. If the provisions of this act are void and in violation of the Constitution, then the act of Healy in revoking the license was a void act, and did not affect the plaintiff. If the act of the Legislature is valid, then the act of Healy was performed under a valid mandate of the Legislature, with which the court cannot interfere. There is nothing in the nature of things that Healy threatened to do that could interfere with the plaintiff's rights or require the protection of a court of equity.

We also think that the order enjoining the defendant Hopper from interfering with the defendant's property was correct. Whatever may be said of the power of the state to revoke a liquor tax certificate, it certainly had no power to authorize an officer to destroy the plain-

tiff's property without the judgment or order of a competent judicial authority. Such an act would be in direct violation of both the federal and state Constitutions.

The order appealed from should be affirmed, without costs. All concur.