PEOPLE ex rel. DANIEL J. SCANLON, Relator, *v.* FOSTER W. WALKER, County Treasurer of Livingston County, and MAYNARD N. CLEMENT, State Commissioner of Excise, Respondents.

(County Court, Livingston County, July, 1908.)

Intoxicating liquors — Granting license — Granting by county treasurer — Power to refuse licenses.

> Upon an application to the county treasurer for a liquor tax certificate, he may not examine his files and determine the truthfulness of the statements contained in the application; but he must issue the certificate if the application is correct in form and does not show on its face that the applicant is prohibited from trafficking in liquor.

APPLICATION for an order directing the county treasurer of Livingston county to issue a liquor tax certificate to the above named relator upon his application heretofore made therefor to said county treasurer.

Charles D. Newton, for relator.

Walter H. Knapp and Frank K. Cook, opposed.

CARTER, J.    The application presented to the treasurer by the relator was correct in form and upon its face disclosed no reason why the applicant should be prohibited from trafficking in liquor; and the relator having presented a bond which met the approval of the treasurer and tendered the tax required by law, it at once became the duty of the treasurer to prepare and issue the proper liquor tax certificate. Liquor Tax Law, § 19, as amd. by Laws of 1897, chap. 312.

It is urged, however, that, inasmuch as the relator had made the statement in his application that an unlimited consent to traffic in liquor had been procured and filed previously with reference to the premises sought to be certificated, it became the duty of the treasurer to examine his files and determine the truthfulness of this statement from papers necessarily other than the application before him. I cannot concur in this contention, for it is contrary to the express pro-

vision of the statute. Clearly it was not the intention of the Legislature to permit the treasurer to look beyond the application presented; for its letter is, if it " is found to be correct in form, and does not show on the face thereof that the applicant is prohibited from trafficking in liquor," the treasurer shall issue the necessary certificate. Words could hardly make the duty of the treasurer any plainer. The spirit of the law making power is evident. In 1896, the case of People ex rel. Anderson v. Hoag, 11 App. Div. 74, was before the court, and it was there held that the treasurer was not to be concluded by the statements in the application; but, in April of the next year, the Legislature very promptly declared (Laws of 1897, chap. 312) that the infirmity which should deprive the applicant of his right to a certificate, provided he furnished a satisfactory bond and was in readiness to pay the required tax, must appear on the face of his application; but it is strenuously urged that this does appear upon the face of the petition here under consideration, and my attention is directed to that portion of the application reading as follows:

" 15. Have the required consents permitting trafficking in liquors on such premises been obtained and filed heretofore ? Yes.

" 16. For what term were such required consents, heretofore filed, given ? Unlimited.

" 17. Upon whose application statement, and when were such consents, heretofore obtained, filed ? William Scanlon, May, 1907."

It is insisted that these questions and answers served to open the door and permit the treasurer to enter upon an inquiry among the files in his office; in other words, that the applicant, by declaring that William Scanlon had previously secured and filed the necessary consents, made such consents a part of his application and, therefore, subject to the treasurer's consideration in connection with the written statement filed by the relator. To this view I cannot yield my assent. The statements stand by themselves and require no reference to other papers to establish their completeness. They are

assertions of what the relator claimed to be existing facts, and the treasurer is not at liberty to challenge the truthfulness of any one of them. He must take these statements, as he finds them upon the face of the application presented to him, to be true and, so taking them, determine whether they are correct in form and show that the applicant is not prohibited from trafficking in liquor; for it must be borne in mind that the treasurer's functions with respect to the issuance of liquor tax certificates are purely ministerial, and, in reaching his determination, he is restricted to what the paper before him discloses. Born v. Hopper, 48 Misc. Rep. 177. To hold otherwise would be adding to the powers expressly granted him by the statute.

If the applicant has made false statements, he has done so at his peril and must stand the consequences of his acts. He may have misstated some material fact; but, if that be so, it should be determined in some forum where he can be heard in his own defense and have his day in court.

The other questions do not appeal to me as of sufficient weight to warrant discussion, and it follows that the relief sought by the relator in this proceeding must be granted, with costs.

Ordered accordingly.

---

The People of the State of New York ex rel. Patrick H. McCarren, Relator, v. John T. Dooling, et al., Commissioners of Election, constituting the Board of Elections of the city of New York, Respondents.

(Supreme Court, Kings Special Term, July, 1908.)

Mandamus — Mandamus against public officers — Elections and proceedings relating thereto — Proceedings relating to appointment of election officers — In the city of New York.

Section 12 of the Election Law, as amended by chap. 70, Laws of 1904, was not repealed by the Primary Election Law and is not inconsistent therewith.

The State convention of a political party is the judge of the regularity of opposing factions or sections within the party in